IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD BOOKER, | ) | CASE NO. 1:18 CV 0291 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER** |

## Introduction

Before me[1] is an action by Edward Booker under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying his application for supplemental security income ("SSI").[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9]

---

[1] ECF No. 12. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF No. 8.
[4] ECF No. 9.
[5] ECF No. 6.
[6] ECF No. 11.
[7] ECF No. 16 (Booker's brief); ECF No. 17 (Commissioner's brief).
[8] ECF No. 16, Attachment 1 (Booker's charts); ECF No. 17, Attachment 1 (Commissioner's charts).
[9] ECF No. 15 (Booker's fact sheet).

## Facts

**A.      Background facts and decision of the Administrative Law Judge ("ALJ")**

Booker, who was 48 years old at the time of the hearing,[10] obtained his GED in 1984.[11] He has no past relevant work experience.[12]

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Booker had severe impairments consisting of: degenerative disc disease of the lumbar spine; hypertension; bipolar disorder; major depressive disorder; social anxiety disorder; and antisocial personality disorder.[13]

The ALJ found Booker had the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the [RFC] to lift and carry twenty pounds occasionally and ten pounds frequently. The claimant is able to stand and walk for four hours out of an eight-hour workday with a cane and sit for six hours in an eight-hour workday. In addition, the claimant can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds and occasionally balance, stoop, kneel, crouch, and crawl. Moreover, the claimant is able to reach in all directions and handle, finger, and feel. The claimant cannot work at unprotected heights or with moving machinery. Furthermore, the claimant is able to perform simple, routine tasks with simple, short instructions, make simple decisions, have few workplace changes, no fast pace production quotas,

---

[10] ECF No. 9, Transcript ("Tr.") at 621; ECF No. 15 at 1.
[11] ECF No. 15 at 1.
[12] *Id.*
[13] Tr. at 20.

and occasional and superficial interaction with coworkers and supervisors, but no public interaction.[14]

Booker characterizes this RFC as a limited range of sedentary work.[15]

Based on the testimony of the vocational expert at the hearing, the ALJ determined that a significant number of jobs existed nationally that Booker could perform.[16] The ALJ, therefore, found Booker not under a disability.[17]

**B.     Issue on judicial review**

Booker asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Booker presents the following issue for judicial review:

- Whether the ALJ's assessment of Booker's RFC is supported by substantial evidence

For the reasons that follow, I find substantial evidence supports the ALJ's no disability finding and, therefore, the ALJ's decision must be affirmed.

## Analysis

**A.     Applicable legal principles**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

---

[14] *Id.* at 22-23.
[15] ECF No. 15 at 1.
[16] Tr. at 29.
[17] *Id.* at 30.

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[18]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[19] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[20]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

---

[18] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).
[19] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *1 (S.D. Ohio Feb. 12, 2008).
[20] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

**B.     Application of legal principles**

This appeal focuses on a narrow issue: the extent to which the ALJ excluded from the RFC certain mental limitations opined by medical sources.

The ALJ specifically included the following limitations, aimed at Booker's mental impairments, in the RFC:

- Simple, routine tasks;
- Simple, short instructions;
- Simple decisions;
- Few work-place changes;
- Occasional and superficial interactions with co-workers and supervisors; and
- No public interaction.[21]

Booker urges that the opinions of treating therapists Jonathon Leigh, LSW, and Lori-Anne Sutherland, CNP, who are not "acceptable medical sources" under the regulations.[22]

Leigh and Sutherland gave an opinion with the following limitations: (1) attendance and punctuality – unable to meet competitive standards; (2) ordinary routine without supervision – unable to meet competitive standards; (3) work in proximity with others without distraction – unable to meet competitive standards; (4) perform at a consistent pace

---

[21] Tr. at 23.
[22] ECF No. 16 at 13-17.

5

without unreasonable rest periods – unable to meet competitive standards; and (5) complete a normal work week and work day – no useful ability.[23]

The state agency reviewing sources gave opinions with the following limitations: (1) ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances – not significantly limited; (2) ability to sustain an ordinary routine without supervision – not significantly limited; and (3) ability to complete a work day or work week without unreasonable rest periods – moderately limited.[24]

From Booker's brief,[25] the most critical limitations go to Booker's ability to complete a work day and work week and to avoid an unacceptable number of absences. Secondary is greater isolation from coworkers and supervisors. Leigh and Sutherland's opinion supports Booker's position. The state agency reviewing sources' opinions support the ALJ's RFC finding.

Booker objects that the ALJ *per se* rejected Leigh and Sutherland's opinion because they are not "acceptable medical sources." Although the ALJ gave this reason, she also discounted their opinion as inconsistent with the record as a whole.[26] The ALJ then discussed specific treatment notes and various notations therein, weighed the conflicting evidence, and made findings supported by citations to the record.[27] Booker fails to

---

[23] *Id.* at 561.
[24] *Id.* at 82, 97-98.
[25] ECF No. 16 at 14.
[26] Tr. at 28
[27] *Id.*

identify a contrary line of evidence the ALJ overlooked or ignored. While Booker clearly disagrees with the ALJ's ultimate conclusions, the ALJ's decision is within the "zone of choice" and, therefore, must be affirmed.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Booker had no disability. Accordingly, the decision of the Commissioner denying Booker supplemental security income is affirmed.

IT IS SO ORDERED.

Dated: February 5, 2019            s/ William H. Baughman, Jr.
                                   United States Magistrate Judge